In the Matter of the Claims of MORRIS COHEN et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, December 22, 1953.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* of counsel), for appellant.

*Morris P. Glushien, Wilbur Daniels* and *Charles L. Mandelstam* for respondents.

*Per Curiam.* The claimants were employed in the manufacture of ladies' coats. On December 17, 1951, they were laid off by their employer because of lack of work. They had been working under the terms of a union contract on an hourly basis which was called " week work ".

A representative of the claimants was advised by the employer on December 26th that work would be resumed on January 2d, but on December 27th, the employer advised the union that it wanted to change the working arrangement with claimants and others to a piecework basis. The union made no objection to this election which the employer had the right under its union contract to make, and the necessary machinery to settle the amount to be paid on a piecework basis was set in motion by both sides.

This was done through a " price committee " before which interested parties were represented. During this period some of the work in the plant was discontinued until the negotiations had been completed, but other classes of employees continued to work. The process continued until January 18 when certain piece rates were set and employees were instructed to return on the next Monday, January 21st.

On that day the employer changed its mind about piecework and decided to return to the former hour method and work was resumed. The question presented is whether this negotiation was an " industrial controversy " within subdivision 1 of section 592 of the Unemployment Insurance Law (Labor Law, art. 18), which would suspend the accumulation of benefit rights for seven weeks where the loss of employment was due to " a strike, lockout or other industrial controversy ".

The Unemployment Insurance Appeal Board has held that this work stoppage was not due to an industrial controversy. We hold that the decision was correct. The contract gave the employer the right to elect the change in method of payment and there was no resistance to the election by the union; the process by which the new rates were to be fixed under the terms of the contract was followed without resistance or opposition from either side. Work was suspended until the rate could be fixed and the whole process seems to us to be a peaceful method of collective bargaining and an alteration of existing arrangements in the course of rate fixing which had an incidental effect of temporary work stoppage.

This is not what the Legislature meant by " strike, lockout or other industrial controversy " which, read together, must open to the construction that the " other industrial controversy "

intended was something in the nature of a strike or lockout. The purpose of the statute as Presiding Justice FOSTER observed in *Matter of Burger (Corsi)* (277 App. Div. 234, 236) is that the State is to step aside for a time, pending the settlement of the differences between employer and employee " to avoid the imputation that a strike may be financed through unemployment insurance benefits."

As it is noted in Colin on Law of Unemployment Insurance in New York (1950) the Appeal Board has been influenced by the policies behind the New York State Labor Relations Act which are aimed " at encouraging collective bargaining and peaceful negotiations of written agreements." (P. 229.) Treatment is there given of the rationale of decision which treats a stoppage of work during negotiations for the adjustment of piecework rates as " neither a strike, lockout nor an industrial controversy " (p. 230).

The statement of the respondents on this appeal that the decision of the Appeal Board here from which the commissioner appeals is consistent with administrative construction and the practice followed for more than ten years is not challenged.

The decision should be affirmed, with one bill of costs to the claimants-respondents.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with one bill of costs to the claimants-respondents.