In the Matter of the Claim of JACK KLEIN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

In the Matter of the Claims of LARRY KLEIN et al., Respondents. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, December 29, 1961.

*Louis J. Lefkowitz, Attorney-General (Samuel Stern, Paxton Blair* and *Harold F. Lee* of counsel), for appellant.

*Fuchsberg & Fuchsberg (B. Hoffman Miller* of counsel), for respondents.

REYNOLDS, J. Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, affirming the decision of the Referee who had overruled the Industrial Commissioner's denial of benefits to claimants for a seven-week period on the grounds that an industrial controversy within the meaning of subdivision 1 of section 592 of the Labor Law was involved.

The sole question on appeal is whether in fact an industrial controversy was involved. The facts are not disputed. Claimants, members of the window trimming department of the Upholsterers' Union, were employed by Crawford Clothes, Inc., under a contract which expired July 31, 1958. For reasons immaterial to the problem here presented, the employer notified 24 of the 42 employees it engaged for window trimming of their discharge effective July 31, 1958. The window trimmers worked

in teams consisting of a trimmer, an assistant to the trimmer, a presser and a furnishings man. The layoff of the 24 employees created a shortage of pressers among the remaining 18 workers. The employer tried to induce some of the remaining workers who had been pressers to return to this work but they refused. The employer also tried to induce the Upholsterers' Union to supply pressers or to allow the tailors who worked in the stores and who were members of a different union to do the pressing but the Upholsterers' Union rejected both alternatives. Without pressers the employees could not perform their work and therefore on August 4, 1958 the employer told the remaining 18 employees that their services were suspended. Thereafter conferences were held between representatives of the union and the employer but no agreement was reached and so in September members of the union picketed the employer's establishments. Pamphlets distributed by the pickets stated that they had been "locked out" by the employer. On August 15, 1958 charges were filed against the employer with the National Labor Relations Board stating that the employer's actions constituted a lockout.

Thus the question presented is whether the refusal of the remaining 18 of the original 42 members of the window trimmers' union employed by the employer to either produce pressers from among their number or to work with store tailors constituted an industrial controversy within the meaning of subdivision 1 of section 592 of the Labor Law.

Subdivision 1 of section 592 of the Labor Law reads in part as follows: "1. Industrial Controversy. The accumulation of benefit rights by a claimant shall be suspended during a period of seven consecutive weeks beginning with the day after he lost his employment because of a strike, lockout, or other industrial controversy in the establishment in which he was employed".

As stated by this court in *Matter of Burger (Corsi)* (277 App. Div. 234, 236) the purpose of subdivision 1 of section 592 is "to avoid the imputation that a strike may be financed through unemployment insurance benefits." Thus we have held that there is no industrial controversy within the meaning of this section where there is no resistance or opposition from either side (*Matter of Cohen [Corsi]*, 283 App. Div. 143; *Matter of Keane [Bethlehem Steel Co.— Lubin]*, 2 A D 2d 148, affd. 6 N Y 2d 910). Layoffs during *peaceful* negotiations of new working arrangements are not what the Legislature meant by "strike, lockout, or other industrial controversy". (*Matter of Cohen [Corsi], supra; Matter of Keane [Bethlehem Steel Co.— Lubin], supra.*) In the instant case, however, a definite dispute existed

between the employer and the remaining 18 employees over the terms of employment and it was when this dispute could not be settled by the employer and the union that the employees were discharged.

In our view on the factual situation presented by this record an industrial controversy existed under subdivision 1 of section 592 and accordingly benefits should have been suspended for the statutory period (*Matter of Gilmartin* [*Catherwood*], 10 N Y 2d 16; *Matter of Sprague* [*Lubin*], 4 A D 2d 911).

Decision should be reversed and the determination of the Industrial Commissioner reinstated, without costs.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Decision reversed and the determination of the Industrial Commissioner reinstated, without costs.