■  In the Matter of the Claim of ROBERT KELLY et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 4, 1968, which suspended the accumulation of benefit rights for seven consecutive weeks effective December 1, 1967 on the ground that claimants had lost their employment because of industrial controversies in the establishments in which they were employed. (Labor Law, § 592, subd. 1.) Appellants, employees of Radio Corporation of America Communications, Inc., were employed at various locations throughout the New York City metropolitan area. Upon expiration of the collective bargaining agreement between their union and employer on November 30, 1967, employees at the principal location were told by supervisory personnel that no work was available for them. On December 1 employees were not permitted to enter the building and some employees who had worked during the prior night-shift would not leave the premises. Picket lines were formed. Appellants contend that the termination of their employment was due to a lay-off during peaceful negotiations rather than to an industrial controversy. If so, their claims for benefits are not subject to the seven-week suspension required by subdivision 1 of section 592 of the Labor Law. The board found that security guards and police were called to the main plant; barricades were set up; a number of employees were arrested for trespassing; picket lines were immediately formed and continued for about two months; and there was evidence of a lockout. This is not a situation where the work displacement was incidental to a change in a new working arrangement (*Matter of Cohen* [*Corsi*], 283 App. Div. 143), nor can it be said that the events transpired peacefully and without incident (*Matter of Keane* [*Bethlehem Steel Co.— Lubin*], 2 A D 2d 148, affd. 6 N Y 2d 910). It is clear that this case involves a labor dispute which arose during the course

of contract negotiations. The board's finding that appellants' unemployment resulted from an industrial controversy is supported by substantial evidence. Appellants also attack the validity of section 592 of the Labor Law itself, contending that the statute penalizes the exercise of concerted activity protected by both Federal Constitution and statute. Appellants argue that the statute thereby violates the Fourteenth Amendment and the supremacy clause in the absence of a demonstration that it is necessary to protect a " compelling or paramount state interest". The Court of Appeals in *W. H. H. Chamberlin, Inc.* v. *Andrews* (271 N. Y. 1) upheld the constitutionality of a statute similar to section 592 which required the suspension of benefits for a 10-week period. Moreover the courts of this State have continuously recognized the strong State interest underlying such a statute. In *Matter of Burger* [*Corsi*] (277 App. Div. 234, 236, affd. 303 N. Y. 654) this court noted that the statute was designed to enable the State to "stand aside for a time, pending the settlement of differences between employer and employees, to avoid the imputation that a strike may be financed through unemployment insurance benefits." These benefits are paid from the Unemployment Insurance Fund, to which employers are the sole contributors (Labor Law, § 570) and to require employers to subsidize wages lost by employees who are on strike or who have been locked out would subvert the delicate balance of power existing between labor and management upon which the collective bargaining process depends. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.