■ In the Matter of the Claims of JAMES PALADINO et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 1982, which ruled that claimants were disqualified from receiving benefits because they lost their employment due to misconduct, and which required a seven-week suspension of benefits. Claimants were members of the Professional Air Traffic Controllers Organization and went on strike on August 3, 1981. All claimants except Martin Pratte failed to report to work after the strike was declared. Pratte was on vacation through August 16, 1981 and requested "other approved leave". Notices of removal were sent to claimants between August 17 and 21, 1981. After a hearing, it was determined that claimants were disqualified from unemployment benefits on the grounds of misconduct. It was also determined that claimants be suspended from the accumulation of benefit rights during a period of seven consecutive weeks pursuant to subdivision 1 of section 592 of the Labor Law. The board upheld the determination. This appeal ensued. Considering the issue of misconduct, we note that clearly the instant strike was illegal under Federal Law (US Code, tit 5 § 7311, subd [3]). Consequently, claimants' reliance on *Matter of Heitzenrater (Hooker Chem. Corp. — Catherwood)* (19 NY2d 1) is misplaced. There the court was concerned with the effect of a strike in violation of a private collective bargaining agreement. Here, we are concerned with a strike in violation of Federal statute. It would be incongruous to allow one who has been discharged from employment for engaging in statutorily prohibited action to receive the benefits of another legislative enactment (see *Matter of Rodriguez [Presbyterian Hosp. in City of N.Y. — Levine],* 32 NY2d 577). Thus, on this issue the board properly determined claimants' action to be misconduct within the meaning of subdivision 3 of section 593 of the Labor Law and its decision in this regard should be affirmed. We now pass to the other issue, the suspending of the accumulation of benefit rights by claimants during a period of seven consecutive weeks after August 3, 1981 pursuant to subdivision 1 of section 592 of the Labor Law. The board found that an "industrial controversy" continued from August 4, 1981 through September 21, 1981. Claimants contend there is no substantial evidence to support that finding. We disagree. The language "strike, lockout, or other industrial controversy" as used in subdivision 1 of

section 592 of the Labor Law is exceedingly broad, encompassing all labor disputes (*Matter of Heitzenrater [Hooker Chem. Corp. — Catherwood]*, 19 NY2d 1, 6, *supra*). The record reveals, and the board found, that the President of the United States announced on August 3, 1981 that any controllers who failed to return to work within 48 hours forfeited their jobs and that the Secretary of Transportation announced at the expiration of that period that the strike was over. The record also reveals that picketing by air traffic controllers continued throughout the seven-week period after August 3, 1981 and that claimants were discharged from August 20 to August 26, 1981. The mere fact that the employer announced its refusal to let claimants return to work did not by itself establish that there was no industrial controversy after August 5, 1981 (see *Matter of Kelly [Catherwood]*, 33 AD2d 830). Considering the record in its entirety, the board could properly find that the industrial controversy continued beyond the seven-week period after August 3, 1981. Since there is substantial evidence to support the finding, we should not disturb it. There should be an affirmance. Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.